BARRY J. PORTMAN
Federal Public Defender
ELIZABETH M. FALK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant CONRAD

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR 05-0595 WHA |
| Plaintiff, | ) | No. C-08-1743 |
| | ) | |
| vs. | ) | **DECLARATION OF ELIZABETH** |
| | ) | **M. FALK RE: NOTICE OF** |
| SADELL CONRAD, | ) | **WITHDRAWAL OF MOTION** |
| | ) | **UNDER 18 U.S.C § 2254 AND 18** |
| Defendant/Petitioner | ) | **U.S.C. § 3582** |
| | ) | |
| | ) | Date:  June 27, 2008 |
| | ) | Time:  2:00 p.m. |
| | ) | Court: The Honorable William H. Alsup |
| | ) | |

I, Elizabeth M. Falk, declare as follows under penalty of perjury;

1. I am an Assistant Federal Public Defender and am licensed to practice before this Court;

2. I am the attorney of record for defendant Sadell Edward Conrad, Case No. 05-595 WHA;

3. I am not Mr. Conrad's attorney for the purpose of habeas proceedings;

4. On June 24th, 2008, I located Mr. Conrad through the BOP website at UPS Atwater. I contacted USP Atwater to set up a telephone conference with Mr. Conrad. I was informed by the Correctional Officer answering the phone that the entire facility was on lockdown due to the murder of a correctional officer by an inmate. He expressed strong doubt that I would get in touch with Mr. Conrad any time soon.

5. On June 25th, 2008, I again called UPS Atwater and explained that I was under a tight Court deadline and needed to speak to Mr. Conrad immediately. I was transferred to Mr. Conrad's

1  counselor, Case Manager Spencer;

2  6.  Ms. Spencer explained that I was not allowed to speak to Mr. Conrad at all.  She told me that the best that I could do was explain the situation to her, and she would convey the appropriate questions to Mr. Conrad, and then would return my call and relay the appropriate answers.  She explained that no inmates were allowed access to any telephones at the current time, without exception;

7  7.  I explained to Case Manager Spencer that Mr. Conrad had filed two motions before the district court regarding a reduced sentence under the revised Guidelines for crack cocaine.  I also explained to her that based on the date of the motion, I believed Mr. Conrad had filed the motions prior to speaking with me about the potential for a reduction under 18 U.S.C. § 3582(c).  I told her that Mr. Conrad and I had a conversation approximately two months ago where I explained to Mr. Conrad that he was not eligible for any reduction in sentence because he had been sentenced by Judge Alsup to the mandatory minimum sentence of five years' incarceration.  At that time, Mr. Conrad expressed to me that he understood the situation.  Given this fact, it was my belief that Mr. Conrad had filed the motions in question **prior** to speaking with me.  I explained to her that I needed to ask Mr. Conrad two things; first, had he filed his motions **prior** to speaking with me over the phone approximately two months ago, and second, did he **now** intend to pursue the motions given that he was not statutorily eligible for a reduced sentence.  I reiterated to Case Manager Spencer that as a recipient of a mandatory minimum sentence, Mr. Conrad was not eligible for a reduced sentence, and it was accordingly my advice that he withdraw both the habeas petition and the motion for a reduced sentence in the criminal case.  I asked her, given the circumstances of the lockdown, to convey the aforementioned to Mr. Conrad and to return my call with the answers.

24  8.  On June 26, 2008, I received a voice mail from Case Manager Spencer.  In the voice mail, Ms. Spencer indicated that she had spoken with Mr. Conrad.  She stated on the message that I had been correct; that Mr. Conrad had indeed filed both the habeas petition and the motion for a

- 2 -

reduced sentence prior to speaking with me; that he understands at this point in time that he is not eligible for a reduced sentence, and that "he was perfectly fine with dropping both motions" at this time.

9. Given the circumstances that currently exist at Atwater, I was not able to speak to Mr. Conrad personally. The contact with case manager Spencer was the best that I could do;

10. Based on my understanding of 1) the fact that Mr. Conrad is not eligible for a reduced sentence, 2) the timing of Mr. Conrad's petitions, whereby he filed both motions prior to speaking with me directly about his ineligibility, and thus filed the motions in ignorance of his situation, and 3) the communications of case manager Spencer, it is my belief at this time that Mr. Conrad wishes to withdraw both 1) his petition for habeas corpus under Civil Case No. 08-1793 WHA, and his Motion for Reduced Sentence under Criminal Case No. 05-595 WHA.

Dated:       June 27, 2008

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                                /S/

                                              ELIZABETH M. FALK
                                              Assistant Federal Public Defender